Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000587
12-SEP-2012
11:35 AM

NO. CAAP-11-0000587

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

In the Matter of Meggan Marie Pharmer,
Mother for and on Behalf of HA

APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-M NO. 09-1-0078)

ORDER DISMISSING APPEAL AS MOOT
(By: Foley, Presiding Judge, Fujise and Reifurth, JJ.)

Upon consideration of "Amr Elsayed Ayad's Motion to Dismiss" (Motion to Dismiss), filed by Defendant-Appellee Amr Elsayed Ayad (Ayad) on July 7, 2012, the papers in support and in opposition, and the records and files herein, it appears that on August 3, 2011, Plaintiff-Appellant Meggan Marie Ayad, now known as Meggan Marie Pharmer, (Pharmer) filed a Notice of Appeal, giving notice of her appeal from the Family Court of the Second Circuit's (family court's) "Order Vacating Order on Petition for Name Change for Minor Child Filed May 20, 2009, Filed August 12, 2009," filed on June 27, 2011; and "Order Denying [Pharmer's] Motion for Reconsideration of the Order Vacating Order on Petition for Name Change of Minor Filed May 20, 2009, Filed August 12, 2009," filed on July 20, 2011.

On October 13, 2011, Pharmer filed "[Pharmer's Jurisdictional Statement." On March 8, 2012, she filed an Opening Brief.

On March 17, 2012, while the appeal was still pending, Pharmer died. On May 22, 2012, the family court filed an "Order Granting in Part and Denying in Part [Ayad's] Motion and Affidavit for Post-Decree Relief" (Order Awarding Ayad Full Custody), in which the court, *inter alia*, awarded Ayad sole legal and physical custody of Child. On July 7, 2012, Ayad filed the instant Motion to Dismiss, in which he moves to dismiss the appeal as moot.

Given Pharmer's death and the Order Awarding Ayad Full Custody, "the two conditions for justiciability relevant on appeal -- adverse interest and effective remedy -- have been compromised." Hamilton ex rel. Lethem v. Lethem, 119 Hawai'i 1, 5, 193 P.3d 839, 843 (2008). No exception to the mootness doctrine applies.

Therefore, IT IS HEREBY ORDERED that the Motion to Dismiss is granted. This appeal is dismissed as moot.

DATED: Honolulu, Hawai'i, September 12, 2012.

Presiding Judge

Associate Judge

Associate Judge

-2-